Pearson, J.
 

 Upon the main point, we are relieved from all difficulty by the agreement of the parties. The division as made in February 1840, and recited in the agreement dated 20th April, 1840, will be established.
 

 Upon the other point, as to the valuation, we are relieved from the necessity of putting a construction upon the agreement, because the parties agree, that under that instrument each party had the .right to refuse or to abide by the valuation, subject to the payment of the “stipulated damages.” The case then is namnved down to the single question : have the defendants acted in such a manner, as to have lost or forfeited this
 
 admitted right ?
 

 A right
 
 can only be given up by the consent of the party, evidenced by a release. A right can only be lost or forfeited by such conduct, as would make it fraudulent and against conscience to assert it. If one acts in such a manner as
 
 intentionally to
 
 make another believe that he has no right, or has abandoned it, and the other, trusting to that belief, does an act, which he would otherwise not have done, the fraudulent party will be restrained from asserting his right, unless it be such a case, as will admit of compensation in damages. If one stands by, or allows another to buy property, to which he has the title, he will not, on account of this fraud, be permitted, in a Court of Equity to assert his title.
 
 Sasser
 
 v.
 
 Jones,
 
 Sire. Eq. 19, is an instance of a right being lost in this way. If one allows another to make improvements upon land, belonging to the former, he is not permitted in equity to assert his title to the land, and take the benefit of irpprovements, innocently made by the other, without making compensation.
 
 Albea
 
 v.
 
 Griffin, 2
 
 Dev. & Bat. Eq. 9.
 

 
 *356
 
 But the proof falls very far short, in this case, of making out a state of facts, whereby the defendants should be deemed to have lost or forfeited their right. There was no intention to deceive. True, the defendants evaded giving a direct answer, not for the purpose of deceiving, but evidently for delay and to put off a controversy as to the @1000 stipulated damages. The plaintiff was not deceived. There was nothing to lead him to suppose, that' the defendants intended to abide by the valuation. The plaintiff did no act which he would not otherwise have done. In fact, the plaintiff does not allege, that he was deceived. He complains very properly, that, instead of giving him a direct answer, the defendants failed to do so, from time to time, and his only course was to apply to a Court of Equity, as he has done ; where they would be j’equired to decide one way or the other. The defendants have not made it necessary to be required by the Court to do so, because in their answers, they expressly refuse to abide by the valuation, and the plaintiff, now has his remedy at law open to him. If a mortgagor, who has a right to redeem, neglects to make payment or evades answering, whether he intends to redeem, or expects to have it in his power to do so, although this state of uncertainty is kept up for yeai's, the mortgagee cannot say, that the right of redemption, is lost or forfeited. He must go into a Court of Equity to foreclose, and the Court will require the mortgagor to redeem, in a reasonable time. This is common learning.
 

 There must be a decree, establishing the division, as made in February 1840, and recited in the argument set out in the pleadings.
 

 There must be an order for a valuation of the respec-. tive shares, by commissioners. The valuation to be put upon the land, as in February 1840, when the division was made, and the parties took possession; and the excess in the valuation for equality of partition, will bear
 
 *357
 
 interest from the 1st of January, 1841, since which time the parties have been in possession, and in the receipt of the profits.
 

 Per Curiam.
 

 Decree accordingly.